# JUDSON vs. ATWILL.

### *Twelfth Judicial District Court, August,* 1857.

#### INSOLVENCY—SCHEDULES.

An insolvent omitting to state in the schedule that a creditor's name was unknown, and incorrectly describing the notes as payable to another person, is such an omission as will not bar the recovery of the debt after the insolvent has been discharged.

The facts in this case were as follows : On the 24th day of October, 1854, defendant made his four several promissory notes, payable to the " order of E. Judson," each for the sum of three hundred dollars, maturing at six, twelve, eighteen, and twenty-four months after date, respectively, and delivered the same to one *Farmer,* who, as the plaintiff's agent, negotiated the loan. These notes were given, however, in lieu of others endorsed by H. Meiggs, which last were given for money loaned by Farmer, as plaintiff's agent, and which were delivered up to be canceled when the new notes were given. This arrangement was made at the solicitation of defendant, he representing that he could not meet his liabilities without an extension of time.

Soon after the notes sued on were given, defendant sold out to one Douglass, all his stock in trade, and filed his petition in the Fourth Judicial District Court, for the benefit of the Insolvent Debtor's Act. In September, 1855, by decree of said court, he was discharged from all his debts and liabilities, and he set up that discharge as a defense to this action. But it appears that neither the notes upon which this action is brought, nor the original indebtedness in consideration of which they were given, were described properly in defendant's schedule. Four notes of the like date, tenor, and effect were mentioned, but were described as payable " to *Mr. Farnum,*" not even giving the name correctly.

Defendant called Farmer, the agent, as a witness, for the purpose of showing that defendant did not know, at the time of filing his schedule, who was the payee, or owner of the notes. His testimony tended rather to show a contrary state of facts, it appearing amongst other things that the notes were filled up, and the plaintiff's name inserted as the payee by the defendant himself.

*Love & Provines*, for plaintiff.

*Janes, Lake & Boyd*, for defendant.

NORTON, J., instructed the jury that, although they should believe from the testimony, that the defendant, at the time of filing his schedule, did not know the name of the payee, or holder of the notes, yet, having omitted to state that the creditor's name was unknown, and having incorrectly described the notes as payable to another person, the decree in the insolvency proceedings did not operate so as to discharge defendant from his liability on the notes, and that the plaintiff was entitled to recover.

Verdict was accordingly rendered for plaintiff.